No. 25-5667

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Feb 13, 2026
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| JACOB JULICK, | ) |
| | ) |
|    Plaintiff-Appellant, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| SCOTT JORDAN, et al., | ) |
| | ) |
|    Defendants-Appellees. | ) |

Before:  NORRIS, Circuit Judge.

Jacob Julick, a Kentucky prisoner proceeding through counsel, appeals the district court's judgment in favor of the defendants in his civil rights action, brought under 42 U.S.C. § 1983. Julick moves to proceed in forma pauperis on appeal.

Julick, a prisoner at the Kentucky State Penitentiary (KSP), sued KSP warden Scott Jordan, corrections officers Jason Denny and Dylan Bond, and unit administrators Lauren Massey and Sasha Villasenor, in their official and individual capacities, asserting that they violated his constitutional rights by subjecting him to excessive force, verbal abuse, and inhumane conditions of confinement, issuing false disciplinary charges, and failing to respond to his grievances. In his sworn complaint, Julick alleged that, on December 25, 2022, he was placed in "the hole" and put in a "strip cage" in response to an incident in which he was not involved. His clothes and shoes were taken, and he was forced to wear only paper boxers. The following morning, Julick told corrections officers, including Denny, that he was having suicidal thoughts. According to Julick, Denny "laughed and told [him] to kill [him]self and do them the favor." Another corrections officer then took Julick to the strip cage and ordered him to get on his knees and face the wall while the officer handcuffed and shackled him. Julick alleged that he remained in this position in the locked strip cage for 45 minutes. While he was there, defendant Bond "c[ame] up and

aggressively told [him] to face the wall." Bond then sprayed him with "OC spray." According to Julick, he did not move toward Bond or stop facing the wall, and only turned his head to "try to laugh it off" and ask Bond if he was "proud" of himself. Bond then told him to "stop talking," sprayed him again, and pointed a taser at the back of his head. Julick alleged that he was handcuffed and shackled and facing the wall during this entire encounter. After 20 to 30 minutes, a nurse came to decontaminate him. He then was forced to remain in the strip cage on his knees for another 30 to 45 minutes. Julick alleged that he was disciplined for "trying to spit on . . . Bond" even though he did not do so.

Julick also alleged that, when he was placed in the restricted housing unit from December 25, 2022, to January 4, 2023, Denny, Massey, and Villasenor subjected him to "inhumane" living conditions, and Denny "harassed" him by searching his cell every day. Julick stated,

> [E]very morning I was made to lay face down on my stomach in paper boxers barefoot freezing and shivering. No clothes, no blanket or sheets, no shoes, for 10 days straight. I was denied a shower for 10 days straight as well. I didn't even get to brush my teeth for 10 days. I was in a cell . . . that had feces on the floor and walls. I was made to walk barefoot in this cell with dirt and feces caked to my feet. Jason Denny and Lauren Massey denied me any cleaning supplies, denied me a shower, clothes, and a safe and warm environment.

He further alleged that, on seven of the days, Denny removed his "mattress/bed" from his cell from breakfast until 11:00 p.m.

According to Julick, he filed several grievances regarding these incidents, to no avail. He asserted that the grievance process at KSP is "corrupt and not professional." He sought compensatory and punitive damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the district court screened Julick's complaint and dismissed several of his claims. The court dismissed Julick's official-capacity claims against the defendants for failure to state a claim for relief and based on sovereign immunity. The court allowed Julick's excessive-force claim against Bond and his conditions-of-confinement claim against Jordan, Denny, Massey, and Villasenor to proceed but dismissed his claims alleging verbal abuse, false disciplinary charges, and an inadequate grievance procedure.

The district court later granted the defendants' motion for summary judgment on the remaining claims. . With respect to the excessive-force claim, the court reasoned that Bond's brief use of OC spray did not inflict sufficiently serious harm on Julick and was not done maliciously and sadistically. And the court concluded that Julick's allegations that he was forced to wear paper boxers, that his cell was freezing, that he was denied blankets, sheets, shoes, and clothes, and that he was denied a shower did not satisfy the objective component of a conditions-of-confinement claim. With respect to Julick's allegation that the cell was covered in feces, the court acknowledged that, in *Taylor v. Riojas*, 592 U.S. 7 (2020) (per curiam), the Supreme Court reversed a grant of summary judgment to the defendants where the prisoner plaintiff alleged that he had been confined in a feces-covered cell, but it concluded that the conditions alleged by Julick were not as "extreme or intolerably cruel" as those in *Taylor*. The district court entered judgment in favor of the defendants and certified that an appeal would not be taken in good faith.

Through counsel, Julick appeals the district court's summary-judgment ruling and moves to proceed in forma pauperis. When the district court certifies that a prisoner's appeal would not be taken in good faith, the prisoner may file an in forma pauperis motion in this court. Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006). "[G]ood faith" is "judged by an objective standard" and is demonstrated by seeking "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Julick could raise at least one non-frivolous issue on appeal: he could argue that the district court erred by granting summary judgment on his conditions-of-confinement claim. Even if not as extreme as the conditions alleged in *Taylor*, the conditions described by Julick—confinement in a "freezing" cell with "feces on the floor and walls" for 10 days in December and January with only paper boxers to wear and without access to a shower—are at least arguably extreme enough to violate the Eighth Amendment.

No. 25-5667
- 4 -

For these reasons, we **GRANT** Julick's motion to proceed in forma pauperis. The clerk's office is directed to issue a briefing schedule for the appellee.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk