Boston University School of Law          765 Commonwealth Ave. Suite, 1304
Civil Litigation & Justice Program       Boston, Massachusetts 02215



Madeline Meth
Clinical Associate Professor
Appellate Clinic
Tel. 617-835-0884

Kelly L. Stephens, Clerk
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

**Re: 25-5667, Julick v. Jordan**

Dear Ms. Stephens:

I write to bring the Court's attention to *Jones v. City of St. Louis*, __F.4th__, 2026 WL 2148328 (8th Cir. July 27, 2026). There, the Eighth Circuit explained that "use of pepper spray will not be justified every time an inmate questions orders or seeks redress for an officer's actions." *Id.* at *2 (quoting *Treats v. Morgan*, 308 F.3d 868, 872-73 (8th Cir. 2002)). Instead, it had already been "clearly established that '[t]he use of a pepper spray gun for non-compliance'" is "excessive force when an inmate does not pose a real threat.'" *Id.* (quoting *Bolin v. Wilkins*, 174 F.4th 1085, 1091 (8th Cir. 2026)).

In *Jones*, an officer who pepper sprayed a plaintiff—even one who threatened to break a computer— was not entitled to qualified immunity because the plaintiff posed no immediate threat as he was "seated, handcuffed" and "surrounded by five officers." *Id.* at *4. The Court also denied qualified immunity to another officer who pepper sprayed a plaintiff who had refused repeated orders to go to his cell because, when that officer "deployed the mace," the plaintiff "posed 'no real treat.'" *Id.* at *5. And the Court similarly held that a guard who pepper sprayed another plaintiff who failed to comply with an order was not entitled to qualified immunity because the plaintiff was, like Julick here, handcuffed and in a closed booth. *Id.* at *6.

The *Jones* plaintiffs were pretrial detainees, meaning they were required to show only that the force used against them was objectively unreasonable. *Id.* at *1. The opinion therefore bears directly on the questions that the panel in this case focused on at argument about the reasonableness of the use of force.

Appellant Julick maintains that non-compliance was not the real reason that Officer Bond pepper sprayed him, Opening Br. 18-21, Reply Br. 3-5, but even if non-compliance did motivate Bond, it did not render his force reasonable because Julick, like the relevant plaintiffs in *Jones*, "posed no real threat," *id.* at *2: He was handcuffed, shackled, on his knees, and on the other side of a locked strip cage.

Sincerely,


/s/Madeline Meth


Word count: 349