No. 25-5667

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Aug 7, 2026
KELLY L. STEPHENS, Clerk

JACOB JULICK,                                        )
                                                     )
        Plaintiff-Appellant,                         )
                                                     )
v.                                                   )
                                                     )        ORDER
SCOTT JORDAN, et al.,                                )
                                                     )
        Defendants-Appellees.                        )
                                                     )
                                                     )

Jacob Julick, an inmate at the Kentucky State Penitentiary, appeals the district court's grant of summary judgment to correctional officers who Julick alleges violated his Eighth Amendment rights. The district court granted, in part, defendants' motion to seal security-camera footage of a correctional officer using pepper spray on Julick. On appeal, this video footage remains under seal. *See* Appellant Br. 16–17 n.1.

Our court maintains a "strong presumption in favor of openness" for court records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption applies to information about prison operations. *See Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). To overcome it, the proponent of a seal must offer a compelling reason to justify nondisclosure. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A party's "mere assertion of its interest in confidentiality" is not enough. *Grae*, 134 F.4th at 932. Instead, the proponent of a seal must show that "disclosure will work a clearly

No. 25-5667
*Julick v. Jordan*

defined and serious injury." *Shane Grp.*, 825 F.3d at 307 (cleaned up).  And even if the proponent has a compelling reason, "the seal itself must be narrowly tailored to serve that reason." *Id.* at 305.

We therefore direct the defendants to show cause why the video of the pepper-spray incident (or certain parts of it) meets our "demanding requirements for a seal." *Id.* at 308.  The defendants shall respond to this order in writing within 21 days.  The plaintiff may then respond within 14 days after the defendants file their brief.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk